IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                              **CRIMINAL ACTION NO.: 3:17-CR-70-1, -2**
                                       **(GROH)**

**REBA MARCELLE MYERS,**
**and LISA RENEE LINDQUIST,**
**a/k/a "LISA RENE LINDQUIST,"**

    Defendants.

**ORDER DENYING GOVERNMENT'S MOTION
TO RECONSIDER ORDER OF ACQUITTAL**

Now before the Court is the Government's Motion to Reconsider Order of Acquittal. ECF No. 274. Therein, the Government moves the Court to reconsider its Order of Acquittal [ECF No. 269] and set this case for trial. Both Defendants filed a response in opposition to the Government's motion. ECF Nos. 275, 276. Accordingly, the matter has been fully briefed and is now ripe for review. For the following reasons, the motion is denied.

The Government presents two issues in its motion for reconsideration. First, the Government argues that the Court was not authorized enter an order of acquittal. ECF No. 274 at 2. However, the Government misconstrues the Court's order. The Court *sua sponte* granted a mistrial in this case based upon the Government's misconduct. See ECF Nos. 266, 274-1 at 152. Thereafter, the Court entered a formal written order reflecting the Court's oral order declaring a mistrial. ECF No. 269. The written order

states that "the Court *sua sponte* declared a mistrial in this case," and that "[t]he charges against the Defendants were dismissed with prejudice." ECF No. 269. The Court's decision to title the order as an "Order of Acquittal" is irrelevant. See generally United States v. Martin Linen Supply Co., 430 U.S. 564, 571 (1977) (holding that "what constitutes an acquittal is not to be controlled by the form of the judge's actions . . . whatever its label."). The Court did not review the evidence and determine that the Defendants were factually innocent. The Court *sua sponte* ordered a mistrial based upon the Government's misconduct. Accordingly, the Government's argument is without merit.

Next, the Government argues that the Double Jeopardy Clause does not prohibit further prosecution of this case. ECF No. 274 at 3. Specifically, the Government argues that the Defendants did not object to the mistrial, and therefore, the Double Jeopardy Clause does not bar a subsequent prosecution. Again, the Government misconstrues the Defendants' actions. Defendant Lindquist, by counsel, stated that she was not asking for a mistrial. Specifically, counsel for Defendant Lindquist stated, "[t]he last thing we want to do is try this case again[,] [s]o a mistrial would be prejudicial to her," and "I would beg the Court not to grant a mistrial." ECF No. 274-1 at 110. Similarly, Defendant Myers did not consent to a mistrial with the potential for re-prosecution. In fact, counsel for Defendant Myers stated, "if the Court is not going to grant [the motion to dismiss with prejudice] . . . try to do a curative instruction." ECF No. 274-1 at 112. At no time did either Defendant request or impliedly consent to the Court declaring a mistrial with the potential for retrial.

While neither Defendant objected to the Court's final ruling, that is only because the Court found that the Defendants' jeopardy rights had attached, thereby precluding

further prosecution.  "Under these circumstances, it would have been utterly absurd for [the Defendants] to object to the Court's *sua sponte* declaration of a mistrial."  ECF No. 276 at 5; see also United States v. Standefer, 948 F.2d 426, 232-33 (8th Cir. 1991) (finding that the court "expressly invited appellants to move for dismissal with prejudice, which would have produced an adjudication for double jeopardy purposes.  Instead, [the defendants] consented to the prosecution's request for dismissal without prejudice.").  In this case, the Defendants did not consent, impliedly or otherwise, to a mistrial with the potential for retrial.  Accordingly, the Government's argument is without merit.

Therefore, upon review of the Government's motion, the Court finds no intervening change in controlling law, no new facts or evidence, and no clear error of law or manifest injustice.  The Court finds no error in its prior ruling declaring a mistrial.  For the reasons stated above, the Government's Motion to Reconsider Order of Acquittal [ECF No. 274] is **DENIED**.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** December 20, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE